1
Richard C. Gramlich, (SBN 014449)

**TB** **TIFFANY & BOSCO**
P.A.

2

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
3  PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
4  FACSIMILE: (602) 255-0103
E-Mail: RCG@tblaw.com

5  *Attorneys for Plaintiff*

6              THE UNITED STATES DISTRICT COURT

7                   DISTRICT OF ARIZONA

8  SOUTHWEST ENERGY SYSTEMS, LLC,
   an Arizona limited liability company,
9

10              Plaintiff,
                                          **COMPLAINT AND JURY DEMAND**
11      vs.                               (Breach of Contract and Bad Faith)

12  THE TRAVELERS INDEMNITY
    COMPANY, a Connecticut corporation,       (Jury Trial Demanded)
13

14              Defendant.

15      Plaintiff, Southwest Energy Systems, LLC ("Southwest Energy"), by its attorneys,

16  Tiffany & Bosco, P.A., for its Complaint against Defendant The Travelers Indemnity

17  Company ("Travelers") alleges as follows:

18                   **GENERAL ALLEGATIONS**

19      1.      Southwest Energy is an Arizona limited liability company authorized to do

20  business within the State of Arizona.

21      2.      Travelers is a Connecticut corporation authorized to do business within the

22  State of Arizona, which entered into insurance contracts and caused acts to occur in

23  Arizona.

24      3.      All acts complained of herein occurred in Arizona between diverse parties

25  and the amount in controversy is in excess of $75,000.00, such that this Court has

26

jurisdiction and venue pursuant to 28 U.S.C. § 1332.

4.    Southwest Energy was covered up to $2,000,000 under Commercial General Liability policies ("Policy") issued by Travelers from January 13, 2012 through January 13, 2015.

5.    At the time Southwest Energy applied for its Policies with Travelers, Southwest Energy indicated that it was an "electrical testing contractor," which tests electrical apparatus, and that it also performs "engineering studies."

6.    Pursuant to the terms of the Policy, Southwest Energy was to be covered for "bodily injury" or "property damage," which "occurred" during the Policy period.

7.    Southwest Energy's coverage included "Products-Completed Operations Hazard," which covers claims for "bodily injury" arising out of Southwest Energy's completed work.

8.    Southwest Energy's Policy excluded "bodily injury" or "property damage" arising out of the rendering or failure to render any professional services, but only with respect to:

> A.    Providing or hiring independent professionals to provide architectural, engineering or surveying services to others in any insured's capacity as an architect, engineer or surveyor; and

> B.    Providing or hiring independent professionals to provide, architectural, engineering or surveying services in connection with construction work any insured performs (hereinafter "Professional Services Exclusion").

9.    Notwithstanding the Professional Services Exclusion, Travelers previously covered damage to a Southwest Energy customer's equipment caused by arcing and a fire while Southwest Energy was performing electrical testing services, on or about July 18, 2012. (The "Molycorp Claim," Travelers' Claim No. ETX5783.) This claim arose out of Southwest Energy's electrical testing services.

10.     Notwithstanding the foregoing Professional Services Exclusion, Travelers also provided coverage for a Southwest Energy customers' electrical equipment, which was damaged on or about January of 2013 while Southwest Energy was performing electrical testing services.  (The "ATKN/TEP" Claim, Travelers' Claim No. AJY3056.) This claim arose out of Southwest Energy's electrical testing services.

11.     On or about November 17, 2011, Truland Systems Corporation ("Truland") entered into a contract with Southwest Energy (the "Truland Agreement") to perform a "protective device coordination study," "an arc flash hazard analysis," and an "arc flash label installation."  (A true and correct copy of which is attached hereto as **Exhibit A.**) The subject claim does not arise out of these services.

12.     On or about January 13, 2012, the Truland Agreement was amended by adding a change order for Southwest Energy to: "Provide all NETA third party testing on all substations and UPS switch gears in DCM1, DCM2, DCM3, and DCM4 as required by the 2009 NETA Acceptance Testing Manual and Specifications ..." (the "Truland Change Order.")

13.     Between August 2012 and September 2013, there were ten separate "Arc-Fault Events" at the Camp Williams Utah Project (the "Project"), which was being constructed by Balfour-Beatty/DPR/Big D ("BDB") as a joint venture, for the United States Army Corp of Engineers.

14.     Following the Arc-Fault Events, BDB brought claims against its subcontractors, including Truland, for the damage and delays caused to the electrical equipment at the Project.

15.     Following the claim made against it by BDB, Truland filed a demand for arbitration against Southwest Energy, on May 27, 2014, alleging claims for indemnity for the ten Arc-Fault Events, should it be found liable to BDB (the "Litigation"). (A true and

1    correct copy of which is attached hereto as **Exhibit B**.)

2       16.    Truland's demand for arbitration made reference to expert allegations which

3    alleged that Southwest Energy engaged in "abusive handling" while it was performing its

4    "testing services on the equipment," resulting in the ten Arc-Fault Events and the damage

5    to the Project's equipment.

6       17.    The subject claims for the Arc-Fault Events were alleged to arise out of the

7    electrical testing services which Southwest Energy was performing pursuant to the Truland

8    Change Order.

9       18.    On or about December 24, 2013, Truland tendered directly to Travelers, on

10   behalf of it and Southwest Energy, a demand for coverage and defense of the property

11   damage claims arising out of the ten Arc-Fault Events.

12      19.    On or about February 19, 2014, Travelers denied the tender from Truland, on

13   behalf of itself and Southwest Energy, citing, among other things, the Professional Services

14   Exclusion.

15      20.    On October 9, 2015, Southwest Energy re-tendered to Travelers the defense

16   and indemnity of the Truland claims against Southwest Energy, arising out of the ten Arc-

17   Fault Events.

18      21.    Travelers failed to investigate, adjust and respond to Southwest Energy's re-

19   tender of defense and indemnity for almost a year.

20      22.    It wasn't until September 21, 2016 that Travelers denied Southwest Energy's

21   October 9, 2015 re-tender, citing the Professional Services Exclusion, among other

22   provisions, and refused the defense or indemnity of the claim.

23      23.    The allegations in Truland's Complaint for Arbitration were sufficient to

24   trigger coverage under Travelers' Policy and a duty to defend Southwest Energy.

25      24.    Travelers, in denying Southwest Energy's tender, ultimately placed its own

26

1  interests ahead of those of its insured, by refusing to defend and indemnify Southwest

2  Energy in the Litigation.

3      25.    Southwest Energy's defense costs and fees in the Litigation totaled

4  **$314,686.52**. (A true and correct copy of the itemization reflecting same is attached hereto

5  as **Exhibit C.**)

6  ### **FIRST CLAIM FOR RELIEF**

7  ### **(Breach of Contract)**

8      26.    Southwest Energy incorporates herein all averments set forth in the

9  paragraphs above.

10      27.    Southwest Energy is an insured under the Policy.

11      28.    Under the Policy, Travelers had an obligation to indemnify and pay the

12  defense costs and fees in the Litigation.

13      29.    Despite Southwest Energy's demands, Travelers breached its Policy by

14  failing and refusing to indemnify and defend Southwest Energy in the Litigation, forcing

15  Southwest Energy to fund the defense of same itself.

16      30.    As a result of Travelers' failure to honor its defense and indemnity

17  obligations under the Policy, Southwest Energy has been damaged in an amount to be

18  determined at trial.

19      31.    This matter arises out of contract such that Southwest Energy is entitled to

20  recover its attorney's fees and costs pursuant to the terms of the Policy and/or A.R.S. § 12-

21  341.01.

22  ### **SECOND CLAIM FOR RELIEF**

23  ### **(Bad Faith)**

24      32.    Southwest Energy incorporates herein all averments set forth in the

25  paragraphs above.

26

33.     Travelers knowingly or recklessly denied payment of Southwest Energy's defense costs and fees, and to indemnify it in the Litigation.

34.     Travelers' knowing denial of a defense and indemnity was unreasonable.

35.     Travelers failure to indemnify and pay Southwest Energy's defense costs and fees in the Litigation is unreasonable and in bad faith for the reasons outlined herein, including, without limitation:

> A.     Travelers denied to pay Southwest Energy's defense costs and fees in the Litigation, despite the fact that its obligation to provide a complete indemnity and defense was not "fairly debatable;"
>
> B.     Travelers failed to promptly investigate, adjust and issue payments due under its Policy with Southwest Energy;
>
> C.     Travelers placed its interests before those of its insured, by seeking to reduce its own exposure, while Southwest Energy was forced to advance the very defense costs and fees Travelers had agreed to pay and had a contractual duty to pay;
>
> D.     Travelers deprived Southwest Energy of the benefits and security it was entitled to under the Policy;
>
> E.     Travelers has forced Southwest Energy to file suit to recover the benefits it is owed under the Policy; and
>
> F.     Travelers' refusal to fund Southwest Energy's defense costs and fees in the Litigation is otherwise a knowing and/or reckless violation of controlling law and industry standard.

36.     Travelers knowingly and intentionally failed to pay Southwest Energy's defense costs and fees in the Litigation, despite its knowledge that Southwest Energy would incur unjustified and significant financial harm as a result of Travelers' conduct.

1    37.    As a result of Travelers' unreasonable failure to honor its indemnity and

2  defense obligations, Southwest Energy has been damaged in an amount to be determined at

3  trial.

4    **WHEREFORE**, Southwest Energy prays for judgment against Travelers as

5  follows:

6    1.    Awarding judgment in Southwest Energy's favor and against Travelers in the

7        amount of damages incurred by Southwest Energy as the result of the

8        unlawful acts pled above, plus prejudgment interest and attorney's fees and

9        costs as permitted by law;

10   2.    Punitive damages; and

11   3.    For such further and additional relief as the Court deems necessary and/or

12        proper under the circumstances.

13  DATED this __17__ day of November, 2017.

14                        **TIFFANY & BOSCO, P.A.**

15

16            By: _____

17                Richard C. Gramlich
                  Seventh Floor Camelback Esplanade II
18                2525 East Camelback Road
                  Phoenix, Arizona 85016
19                ***Attorneys for Plaintiff***

20

21

22

23

24

25

26

# EXHIBIT A