Richard C. Gramlich, (SBN 014449)

**TB TIFFANY & BOSCO P.A.**

SEVENTH FLOOR CAMELBACK ESPLANADE II
2525 EAST CAMELBACK ROAD
PHOENIX, ARIZONA 85016-4237
TELEPHONE: (602) 255-6000
FACSIMILE:  (602) 255-0103
E-Mail:  RCG@tblaw.com

*Attorneys for Plaintiff*

THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SOUTHWEST ENERGY SYSTEMS, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>THE PHOENIX INSURANCE COMPANY, a Connecticut corporation; THE CHARTER OAK FIRE INSURANCE COMPANY, a Connecticut corporation,<br><br>Defendants. | Case No. 2:17-CV-04241-PHX-JZB<br><br>**FIRST AMENDED COMPLAINT AND JURY DEMAND**<br>(Breach of Contract and Bad Faith)<br><br>(Jury Trial Demanded) |

Plaintiff, Southwest Energy Systems, LLC ("Southwest Energy"), by its attorneys, Tiffany & Bosco, P.A., for its First Amended Complaint against Defendants The Phoenix Insurance Company ("Phoenix") and The Charter Oak Fire Insurance Company ("Charter Oak") (collectively as underwriters for Travelers Indemnity Company "Travelers") alleges as follows:

**GENERAL ALLEGATIONS**

1. Southwest Energy is an Arizona limited liability company authorized to do business within the State of Arizona.

2. Phoenix is a Connecticut corporation authorized to do business within the State of Arizona, which entered into an insurance contract, for policy years 2012-2013, and

Case 2:17-cv-04241-DLR   Document 24   Filed 01/18/18   Page 2 of 8

caused acts to occur in Arizona.

3. Charter Oak is a Connecticut corporation authorized to do business within the State of Arizona, which entered into an insurance contract, for policy years 2013-2015, and caused acts to occur in Arizona.

4. All acts complained of herein occurred in Arizona between diverse parties and the amount in controversy is in excess of $75,000.00, such that this Court has jurisdiction and venue pursuant to 28 U.S.C. § 1332.

5. Southwest Energy was covered up to $2,000,000 under Commercial General Liability policies ("Policies") issued by Travelers from January 13, 2012 through January 13, 2015 and underwritten by Phoenix from January 13, 2012 to January 13, 2013 and Charter Oak from January 13, 2013 to January 13, 2015.

6. At the time Southwest Energy applied for its Policies with Travelers, Southwest Energy indicated that it was an "electrical testing contractor," which tests electrical apparatus, and that it also performs "engineering studies."

7. Pursuant to the terms of the Policies, Southwest Energy was to be covered for "bodily injury" or "property damage," which "occurred" during the Policy periods.

8. Southwest Energy's coverage included "Products-Completed Operations Hazard," which covers claims for "bodily injury" arising out of Southwest Energy's completed work.

9. Southwest Energy's Policies excluded "bodily injury" or "property damage" arising out of the rendering or failure to render any professional services, but only with respect to:

    A. Providing or hiring independent professionals to provide architectural, engineering or surveying services to others in any insured's capacity as an architect, engineer or surveyor; and

-2-

   B. Providing or hiring independent professionals to provide, architectural, engineering or surveying services in connection with construction work any insured performs (hereinafter "Professional Services Exclusion").

10. Notwithstanding the Professional Services Exclusion, Travelers previously covered damage to a Southwest Energy customer's equipment caused by arcing and a fire while Southwest Energy was performing electrical testing services, on or about July 18, 2012. (The "Molycorp Claim," Travelers' Claim No. ETX5783.)  This claim arose out of Southwest Energy's electrical testing services.

11. Notwithstanding the foregoing Professional Services Exclusion, Travelers also provided coverage for a Southwest Energy customers' electrical equipment, which was damaged on or about January of 2013 while Southwest Energy was performing electrical testing services.  (The "ATKN/TEP" Claim, Travelers' Claim No. AJY3056.) This claim arose out of Southwest Energy's electrical testing services.

12. On or about November 17, 2011, Truland Systems Corporation ("Truland") entered into a contract with Southwest Energy (the "Truland Agreement") to perform a "protective device coordination study," "an arc flash hazard analysis," and an "arc flash label installation."  (A true and correct copy of which is attached hereto as **Exhibit A**.) The subject claim does <u>not</u> arise out of these services.

13. On or about January 13, 2012, the Truland Agreement was amended by adding a change order for Southwest Energy to: "Provide all NETA third party testing on all substations and UPS switch gears in DCM1, DCM2, DCM3, and DCM4 as required by the 2009 NETA Acceptance Testing Manual and Specifications ..." (the "Truland Change Order.")

14. Between August 2012 and September 2013, there were ten separate "Arc-Fault Events" at the Camp Williams Utah Project (the "Project"), which was being constructed by Balfour-Beatty/DPR/Big D ("BDB") as a joint venture, for the United

States Army Corp of Engineers.

15. Following the Arc-Fault Events, BDB brought claims against its subcontractors, including Truland, for the damage and delays caused to the electrical equipment at the Project.

16. Following the claim made against it by BDB, Truland filed a demand for arbitration against Southwest Energy, on May 27, 2014, alleging claims for indemnity for the ten Arc-Fault Events, should it be found liable to BDB (the "Litigation"). (A true and correct copy of which is attached hereto as **Exhibit B**.)

17. Truland's demand for arbitration made reference to expert allegations which alleged that Southwest Energy engaged in "abusive handling" while it was performing its "testing services on the equipment," resulting in the ten Arc-Fault Events and the damage to the Project's equipment.

18. The subject claims for the Arc-Fault Events were alleged to arise out of the electrical testing services which Southwest Energy was performing pursuant to the Truland Change Order.

19. On or about December 24, 2013, Truland tendered directly to Travelers, on behalf of it and Southwest Energy, a demand for coverage and defense of the property damage claims arising out of the ten Arc-Fault Events.

20. On or about February 19, 2014, Travelers denied the tender from Truland, on behalf of itself and Southwest Energy, citing, among other things, the Professional Services Exclusion.

21. On October 9, 2015, Southwest Energy re-tendered to Travelers the defense and indemnity of the Truland claims against Southwest Energy, arising out of the ten Arc-Fault Events.

22. Travelers failed to investigate, adjust and respond to Southwest Energy's re-

tender of defense and indemnity for almost a year.

23. It wasn't until September 21, 2016 that Travelers denied Southwest Energy's October 9, 2015 re-tender, citing the Professional Services Exclusion, among other provisions, and refused the defense or indemnity of the claim.

24. The allegations in Truland's Complaint for Arbitration were sufficient to trigger coverage under Travelers' Policies and a duty to defend Southwest Energy.

25. Travelers, in denying Southwest Energy's tender, ultimately placed its own interests ahead of those of its insured, by refusing to defend and indemnify Southwest Energy in the Litigation.

26. Southwest Energy's defense costs and fees in the Litigation totaled **$314,686.52**. (A true and correct copy of the itemization reflecting same is attached hereto as **Exhibit C**.)

## **FIRST CLAIM FOR RELIEF**

### **(Breach of Contract)**

27. Southwest Energy incorporates herein all averments set forth in the paragraphs above.

28. Southwest Energy is an insured under the Policies.

29. Under the Policies, Travelers' underwriters, Phoenix and Charter Oak, had an obligation to indemnify and pay the defense costs and fees in the Litigation.

30. Despite Southwest Energy's demands, Travelers breached its Policies by failing and refusing to indemnify and defend Southwest Energy in the Litigation, forcing Southwest Energy to fund the defense of same itself.

31. As a result of Travelers' failure to honor its defense and indemnity obligations under the Policies, Southwest Energy has been damaged in an amount to be determined at trial.

32. This matter arises out of contract such that Southwest Energy is entitled to recover its attorney's fees and costs pursuant to the terms of the Policies and/or A.R.S. § 12-341.01.

## SECOND CLAIM FOR RELIEF

### (Bad Faith)

33. Southwest Energy incorporates herein all averments set forth in the paragraphs above.

34. Travelers' underwriters, Phoenix and Charter Oak, knowingly or recklessly denied payment of Southwest Energy's defense costs and fees, and to indemnify it in the Litigation.

35. Travelers' knowing denial of a defense and indemnity was unreasonable.

36. Travelers failure to indemnify and pay Southwest Energy's defense costs and fees in the Litigation is unreasonable and in bad faith for the reasons outlined herein, including, without limitation:

    A. Travelers denied to pay Southwest Energy's defense costs and fees in the Litigation, despite the fact that its obligation to provide a complete indemnity and defense was not "fairly debatable;"

    B. Travelers failed to promptly investigate, adjust and issue payments due under its Policies with Southwest Energy;

    C. Travelers placed its interests before those of its insured, by seeking to reduce its own exposure, while Southwest Energy was forced to advance the very defense costs and fees Travelers had agreed to pay and had a contractual duty to pay;

    D. Travelers deprived Southwest Energy of the benefits and security it was entitled to under the Policies;

   E. Travelers has forced Southwest Energy to file suit to recover the benefits it is owed under the Policies; and

   F. Travelers' refusal to fund Southwest Energy's defense costs and fees in the Litigation is otherwise a knowing and/or reckless violation of controlling law and industry standard.

  37. Travelers knowingly and intentionally failed to pay Southwest Energy's defense costs and fees in the Litigation, despite its knowledge that Southwest Energy would incur unjustified and significant financial harm as a result of Travelers' conduct.

  38. As a result of Travelers' unreasonable failure to honor its indemnity and defense obligations, Southwest Energy has been damaged in an amount to be determined at trial.

**WHEREFORE**, Southwest Energy prays for judgment against Travelers' underwriters, Phoenix Insurance Company and Charter Oak Fire Insurance Company, as follows:

  1. Awarding judgment in Southwest Energy's favor and against Travelers in the amount of damages incurred by Southwest Energy as the result of the unlawful acts pled above, plus prejudgment interest and attorney's fees and costs as permitted by law;

  2. Punitive damages; and

  3. For such further and additional relief as the Court deems necessary and/or proper under the circumstances.

///

///

///

///

-7-

DATED this 18th day of January, 2018.

**TIFFANY & BOSCO, P.A.**

By: _/s/ Richard C. Gramlich_
Richard C. Gramlich
Seventh Floor Camelback Esplanade II
2525 East Camelback Road
Phoenix, Arizona 85016
*Attorneys for Plaintiff*

**COPY** of the foregoing served on this 18th day of January, 2018:

William C. Reeves
**LAW OFFICES OF MORALES FIERRO REEVES**
2151 Salvio Street, Suite 280
Concord, California 94520

**COPY** of the foregoing mailed even date to:

Jamie Alexander Glasser
Myles Patrick Hassett
**HASSETT LAW FIRM, PLC**
1221 East Osborn Road, Suite 200
Phoenix, Arizona 85014-5541
*Attorneys for Intervenor*

_/s/ Elizabeth Franklin_